# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RUTH EBNER-CUPPLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07CV1607 RWS |
| JOHN E. POTTER, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 for alleged employment discrimination. Plaintiff alleges that she was subjected to several unlawful discrimination practices during the 27-year period that she worked for the United States Postal Service.

The instant complaint is a malicious abuse of the judicial process. Plaintiff previously brought this suit against the Postal Service, and this Court granted judgment in defendant's favor. <u>Ebner-Cupples v. Potter</u>, 4:05CV1448 RWS (E.D. Mo. 2007). That case is currently on appeal before the United States Court of Appeals for the Eighth Circuit. This Court will not tolerate plaintiff's attempts to harass defendant through the filing of identical lawsuits. As a result, this case will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous and malicious.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 5th day of October, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE